UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY ERIK FORD, | No. C-12-2159 EMC (pr) |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL** |
| G. D. LEWIS, Warden, | |
| Respondent. | |

Petitioner wishes to challenge his state court criminal conviction or sentence. Rather than filing a petition for writ of habeas corpus, he filed a motion for extension of time to file a petition for writ of habeas corpus, in which he requests additional time to file his federal habeas petition because he had reduced access to his legal materials.

The Court cannot provide the requested extension of time on the habeas statute of limitations deadline, *see* 28 U.S.C. § 2244(d). Under general principles derived from the "case or controversy" requirement of Article III, Section 2, of the United States Constitution, a federal court may not issue advisory opinions. *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" *Id.* (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)). There is no concrete dispute for this Court to decide: a prospective habeas petitioner in essence asks the Court to determine in advance whether his petition for writ of habeas corpus will be time-barred if it is filed at some unspecified date in the future

which may or may not be within the one-year period prescribed by 28 U.S.C. § 2244(d). This Court could not grant the requested relief without offending the Constitution's case or controversy requirement. Although Petitioner obtains no relief today, he is not forever barred from requesting relief. He can make his tolling argument in the petition he eventually does file or he can wait until Respondent moves to dismiss a habeas petition as untimely, or the Court orders him to explain why his petition should not be dismissed as untimely. At that point, and not before then, the Court will consider whether the statute of limitations should be tolled. *See generally Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (a petitioner is entitled to equitable tolling of the habeas statute of limitations period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing"). The request for an extension of time is **DENIED**.

There is no case or controversy over which the Court may exercise jurisdiction. The action is therefore **DISMISSED**. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: June 18, 2012

_____
EDWARD M. CHEN
United States District Judge